## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **APC FILTRATION, INC.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 1462 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| **WILLIAM A BECKER** and ) | Magistrate Judge |
| **SOURCEONE PLUS, INC.,** ) | Martin C. Ashman |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

The facts relevant to this order are set forth in detail in this Court's Memorandum Opinion and Order of October 12, 2007. *See APC Filtration, Inc., v. Becker*, No. 07 C 1462, 2007 WL 3046233 (N.D. Ill. October 12, 2007). However, the court will recite them briefly here. On March 15, 2007, Plaintiff, APC Filtration ("APC"), filed suit against Defendants, William Becker and SourceOne Plus, Inc., alleging that Becker was using proprietary information and contacts obtained during the course of his employment as APC's National Sales Manager to enable his new company, SourceOne, to compete against APC in the vacuum cleaner bag engineering and manufacturing industry. APC alleges that Becker's conduct constituted a breach of their employment contract as well as a misappropriation of APC's trade secrets, and seeks damages and injunctive relief.

In the course of discovery, APC learned that Becker had destroyed a personal computer that contained some communications between Becker and another company that may have been relevant to APC's claims. On June 11, 2007, APC filed a motion to compel before Judge

Gettleman, which was subsequently transferred to this Court when Judge Gettleman referred the case for discovery supervision pursuant to Local Rule 72.1. This Court granted APC's motion to compel and ordered Becker and SourceOne to produce a sworn statement detailing what precisely had happened to the computer. In response to that order, Becker submitted an affidavit stating that he had experienced computer problems and had thrown the computer away after being advised by a technician that the computer was not worth fixing. Becker subsequently admitted in a deposition that, within one week of the filing of this lawsuit, he took the computer to a construction site twenty miles away from his home and threw it in a Dumpster.

Based on these revelations, APC filed a motion for sanctions on July 17, 2007, seeking attorneys' fees and costs as well as other sanctions pursuant to Federal Rule of Civil Procedure 37. This Court found that Becker wilfully destroyed relevant evidence after he had reasonable notice that the contents of the computer could become the subject of discovery requests. The Court also found that Becker had violated the Court's June 28, 2007, discovery order as a result of his intentional destruction of the computer. Finally, the Court specifically found based on Becker's conduct that he acted in bad faith in order to prevent APC from discovering potentially damaging evidence. For these reasons, the Court granted APC's motion for sanctions and ordered Becker and SourceOne to pay:

> APC's reasonable attorneys' fees and costs associated with: a) filing and arguing this motion for sanctions; b) third-party discovery that was made necessary by Becker's destruction of the computer; and c) retaining computer expert Daniel P. Skalitzky to prepare the report dated September 6, 2007. . . .

*APC Filtration*, 2007 WL 3046233, at *6. The Court ordered APC to present a petition for fees within thirty days. *Id.* at *7.

APC's fee petition is now before the Court. After APC filed its petition, the Court required APC to file a formal notice of presentment and to appear before the Court so that Becker and SourceOne would have the opportunity to present any objections they might have. Becker and SourceOne did not file a response to APC's petition. Counsel for Becker and SourceOne appeared at a hearing on December 19, 2007, and made a general objection that APC's attorneys' fees were inflated and included work that was not related to the motion for sanctions. Becker and SourceOne articulated no specific objections and failed to file a written response detailing their objections.

The Court finds that Becker and SourceOne's objections to APC's fee petition are vague and conclusory, and as such they do not provide a basis to deny APC's claimed costs and fees. APC has provided a detailed account of its fees and costs, including affidavits from APC's attorneys, monthly billing statements, invoices, and subpoenas and deposition notices to third parties. (*See generally* APC Filtration, Inc.'s Fee Petition, Ex. 1-4.) The fees and costs APC seeks are not patently unreasonable. It is well established that "[i]t is not the court's job to sift through the record in order to determine whether a party's conclusory argument has factual support." *Rogozinski v. Hartford Life and Acc. Ins. Co.*, No. 04 C 6947, 2007 WL 2409810, at *7 (N.D. Ill. August 21, 2007). *See also Albrechtsen v. Bd. of Regents of the Univ. of Wisconsin Sys.*, 309 F.3d 433, 436 (7th Cir. 2002) ("Judges are not like pigs, hunting for truffles buried in the record."). In the absence of any specific argument that particular fees or costs are unreasonable, unnecessary, or beyond the scope of the Court's October 12, 2007, order, the Court finds that APC is entitled to the fees and costs set forth in its petition.

Therefore, in accordance with APC's petition, Becker and SourceOne are hereby ordered to pay APC $79,606.25 in attorneys' fees and $19,856.15 in expenses, for a total of $99,462.40, within thirty (30) days.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: December 21, 2007.

Copies have been mailed to:

WILLIAM R. QUINLAN, Esq.
RICHARD C. BOLLOW, Esq.
JEANAH PARK, Esq.
Quinlan & Carroll, Ltd.
30 North LaSalle Street
Suite 2900
Chicago, IL 60602

SHANNON D. McDONALD, Esq.
Carroll & McDonald, L.L.C.
2665 South Moorland Road
Suite 200
New Berlin, WI 53151

JEREMY J. GLENN, Esq.
NIKKI A. ODOM, Esq.
Meckler Bulger & Tilson, L.L.P.
123 North Wacker Drive
Suite 1800
Chicago, IL 60606

Attorneys for Plaintiff

Attorneys for Defendants