**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| APC FILTRATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 07-CV-1462 |
| | ) | |
| WILLIAM A. BECKER and | ) | |
| SOURCEONE PLUS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Court has before it Defendants William A. Becker and SourceOne Plus, Inc.'s Objections (DE 138) to Magistrate Judge Ashman's Order of December 21, 2007 (DE 135) ordering Defendants to pay Plaintiff $79,606.25 in attorneys' fees and $19,856.15 in expenses (a total of $99,462.40) to effectuate Judge Ashman's prior order (DE 101) granting in part Plaintiff's motion for sanctions and costs. Judge Gettleman, to whom this case previously was assigned, referred the sanctions motion in question to Judge Ashman under Local Rule 72.1. Because the motion presented a "nondispositive" matter under Federal Rule of Civil Procedure 72(a), this Court may modify or set aside Judge Ashman's ruling in light of the non-moving party's objections only if the ruling is "clearly erroneous or contrary to law." The Court does not find Defendants' objections well taken and thus upholds Judge Ashman's December 21, 2007 Order in its entirety.

**I.     Background**

The events giving rise to the sanctions motion have been chronicled by both Judge Gettleman and Judge Ashman in their prior orders. Both judges have expressed their dismay over the conduct of Defendant Becker that prompted Plaintiff's motion in the first place. Judge Gettleman has

remarked that Defendant Becker "purposefully destroyed evidence in this case and continually lied about it," thereby burdening Plaintiff and the Court with "having to adjudicate matters that never should have been disputed to begin with." 9/23/07 Trans. at 10-11. And, on October 12, 2007, Judge Ashman specifically found that Becker (I) "wilfully destroyed relevant evidence after he had reasonable notice that the contents of the computer could become the subject of discovery requests," (ii) "violated the Court's June 28, 2007 discovery order as a result of his intentional destruction of the computer," and (iii) "acted in bad faith in order to prevent APC from discovering potentially damaging evidence." DE 135 at 2 (summarizing 10/12/07 Order). As a result of those findings, Judge Ashman granted Plaintiff's motion for sanctions and ordered Defendants to pay "APC's reasonable attorneys' fees and costs associated with: a) filing and arguing this motion for sanctions; b) third-party discovery that was made necessary by Becker's destruction of the computer; and c) retaining computer expert Daniel P. Skalitzky to prepare the report dated September 6, 2007." DE 101 at 11.

Pursuant to the Judge Ashman's Order of October 12, 2007, on November 7, 2007, Plaintiff submitted a detailed fee petition, including affidavits and other supporting materials. See DE 108. Defendants did not submit a written response to Plaintiff's fee petition, either before or after the hearing on the petition before Judge Ashman on December 19, 2007. Moreover, during the hearing, Defendants raised "no specific objections," but rather simply voiced a "general objection" to the amount of the fees and costs requested. DE 135 at 3; see also 12/19/07 Trans. Even after Judge Ashman expressed his concern about the absence of a written response and the inadequacy of Defendants' attempt to object orally, in general terms, to the petition (see 12/19/07 Trans. at 5-6), Defendants did not set forth the specific bases for their objections in writing. On December 21,

2

2007, Judge Ashman issued his written opinion (DE 135), the objections to which are now before the Court.

## II. Discussion

Respectfully, the Court concludes that Defendants' objections are not well taken. To begin with, Defendants' objections come too late. At no point in the six weeks between the filing of the petition and the hearing before Judge Ashman did Defendants bother to place any objections in writing. Nor did they do so immediately after the hearing, despite Judge Ashman's clearly stated reservations about the lack of specificity in Defendants' oral objections. Since Judge Ashman withheld his ruling for two days after the hearing, Defendants could have presented detailed written objections immediately after the hearing or even the following day. Indeed, Defendants may have been able to persuade Judge Ashman to withhold his ruling if they had requested leave to file a written response. They did not. Indeed, even in the objections filed before this Court, Defendants still have largely left the Court to "hunt[] for truffles" by omitting any detailed, line-by-line objection to specific items in Plaintiff's detailed fee petition. *Albrechtsen v. Bd. of Regents of the Univ. of Wisconsin Sys.*, 309 F.3d 433, 436 (7th Cir. 2002).

In any event, Judge Ashman's order is eminently reasonable and certainly not "clearly erroneous or contrary to law." Defendants' attempt to cabin the fees "associated with" the filing and arguing of the motion for sanctions and costs to fees incurred after the motion was filed overlooks Plaintiff's work in uncovering Defendant Becker's flagrant misconduct, all of which was recoverable under the broad terms of Judge Ashman's October 12, 2007 Order. As a result of Defendant Becker's conduct, Plaintiff had to spend a significant amount of time and money investigating the whereabouts of the computer and figuring out what action to take once the

3

destruction was discovered. The filing and arguing of the motion were the culmination of Plaintiff's efforts, but certainly were not the only bases for fees and costs.

Defendants' effort to burden Plaintiff with justifying each and every entry "associated with" the third party discovery undertaken as a result of Becker's bad faith destruction of evidence also is misplaced. Plaintiff submitted detailed supporting exhibits and the affidavit of counsel with its fee petition, at which time it was incumbent on Defendants to mount any attack they wished to bring to challenge the petition. Defendants failed to do so in any specific way before Judge Ashman and incompletely even now. Instead, Defendants simply argue that APC would have been required to take all of the same third party discovery whether or not Defendant Becker threw his computer in the dumpster. This argument assumes that the information obtained through third party discovery would not have been available from the destroyed computer and therefore was not duplicative. It also fails to account for the time Plaintiff had to spend deciphering which third parties Becker had contact with during his employment at APC, as well as the nature of those contacts.

Having failed to challenge Plaintiff's fee petition in a meaningful way first before Judge Ashman and continuing to omit specific objections even now in their current submission, this Court has no basis for second guessing Judge Ashman's ruling that Plaintiff was entitled to the requested fees and costs associated with the third-party discovery necessitated by Defendant Becker's misconduct.

**III.    Conclusion**

For the reasons stated above, the Court denies Defendants' Objections (DE 138) to Magistrate Judge Ashman's December 21, 2007 Order, upholds Judge Ashman's December 21, 2007 Order in its entirety, and directs Defendants to comply with the monetary sanctions by March 3, 2008.

Dated: February 25, 2008                                     _____
                                                             Robert M. Dow, Jr.
                                                             United States District Judge