## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| APC FILTRATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 07-CV-1462 |
| | ) | |
| WILLIAM A. BECKER and | ) | District Judge Robert M. Dow, Jr. |
| SOURCEONE PLUS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On December 22, 2008, Defendants William A. Becker and SourceOne Plus, Inc. filed a motion to reopen discovery [208] and a motion for leave to file a responsive pleading, including a motion to dismiss, or in the alternative, an amended answer and counterclaim [210]. The motions come sixteen months after the close of discovery and more than four months after the Court entered summary judgment in favor of Plaintiff on Counts III (breach of fiduciary duty) and VI (violation of the Illinois Trade Secrets Act) of Plaintiff's complaint.[1] Nevertheless, the Court requested that Plaintiff APC Filtration, Inc. file responses to both motions, which it did on January 15, 2009 [216, 217]. The Court also has considered the arguments set forth in Defendants' proposed reply brief.[2] For the following reasons, the Court denies Defendants' motion to reopen discovery [208] and Defendants' motion for leave to file a responsive pleading including a motion to dismiss, or in the alternative, an amended answer and counterclaim [210].

---

[1] Following the Court's summary judgment order, Plaintiff advised that it no longer wished to pursue Counts I, II, IV, and V of its complaint, effectively terminating any substantive issues in the case other than (i) the entry of a permanent injunction contemplated in the summary judgment opinion, (ii) an attorneys' fee issue, and (iii) hearings before Magistrate Judge Ashman on whether Defendant Becker has violated the terms of the preliminary injunction entered by Judge Gettleman.

[2] In a separate minute order entered today, the Court has granted Defendants' motion for leave to file, instanter, a reply brief in support of their motion to reopen discovery [218].

I.  **Motion to Reopen Discovery**

   A.  **Standard**

As a general rule, the decision whether to grant a motion to reopen discovery rests within the sound discretion of the court. *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 743 (7th Cir. 2007); *Ty, Inc. v. Publ'ns Int'l, Ltd.*, 2003 WL 21294667, at *6 (N.D. Ill. June 4, 2003) (denying request to reopen discovery after summary judgment was filed). Here, Defendants had a full opportunity to take discovery in this case while represented by their original counsel. Discovery closed in this case on September 23, 2007, after which the parties fully briefed motions for summary judgment. As the Seventh Circuit consistently has stressed, summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Calle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005). Once that moment has passed, a district court is "not required to give [Defendants] a 'do over'" (*Winters*, 498 F.3d at 743), even where, as here, Defendants have obtained new counsel.

   B.  **Analysis**

The facts in this case have been set forth in detail in the Court's Memorandum Opinion and Order of August 4, 2008, as well as by both Judge Gettleman and Judge Ashman in their prior orders and again by this Court in its ruling of Defendants' motion to reconsider, filed contemporaneously with this order. Therefore, the Court moves directly to the present motions. Defendants contend that they recently learned of two circumstances that might seriously compromise the credibility and reliability of two of APC's primary witnesses and that discovery must be reopened to allow the factual record to be developed on those "critical" issues.[3]

---

[3] Defendants also contend that they should be permitted to take additional discovery in order to investigate their contentions that APC lacks capacity to sue because (i) APC is not registered to conduct

1. **Russell Kelly's health**

On "information and belief," Defendants assert that APC's President suffered from a serious medical condition "about a year ago" and that as a result of that medical condition, "Mr. Kelly's memory likely was impaired," including at the time of his deposition in this case. Mot. at 6. Defendants do not indicate the basis for their belief, leaving the Court to guess at the genesis of the information or to assume that they "recently learned" of Mr. Kelly's alleged tumor from the same former APC employee referred to elsewhere in their motion. Defendants' assertion is a wholly insufficient ground upon which to reopen discovery. In addition to its untimeliness, the assertion is highly speculative. Notably, Defendants have not identified a single statement by Mr. Kelly in a deposition or in Plaintiff's summary judgment materials that suggests any impairment of Mr. Kelly's memory or mental faculties. Defendants' unsupported speculation is not a proper ground on which to reopen discovery as to Mr. Kelly.

2. **Tammy Kelly's veracity**

Again "on information and belief," Defendants contend that APC's Chief Financial Officer may have "lied" on the issue of whether or not the 2003 Non-Disclosure Undertaking signed by Becker was attached to his revised compensation plans in subsequent years. First, Defendants' claims are not supported by a reliable source. Defendants' support for its attack on Tammy Kelly's credibility is that they have obtained "new information" from "one of APC's former employees." Defendants did not submit an affidavit from the former employee – or even identify the former employee in their initial brief – nor do they provide any specific information about what the former employee told them to lead them to characterize the alleged inaccuracy in

---

business in Illinois and (ii) APC has failed to pay the requisite franchise taxes associated with doing business in Illinois. As addressed at length in the Court's memorandum opinion and order on Defendants' motion to reconsider, Defendants have waived both of those arguments, and thus no additional discovery is necessary on those subjects.

Ms. Kelly's testimony as a "lie" rather than a "mistake" or a "misapprehension." That sort of thinly substantiated allegation provides little or no support for reopening the discovery window that was shut well over a year ago.

Moreover, even if Defendants had provided more compelling support for their attack on Ms. Kelly's veracity, Defendants are mistaken in their contentions that the Court (i) discounted Mr. Becker's position that the non-disclosure agreement was not attached to his compensation plans for 2004-06 and (ii) relied on the existence or validity of the non-disclosure agreement in ruling on the motion for partial summary judgment. To the contrary, the Court was aware that the existence and validity of the non-disclosure agreement was in dispute, noting in its order APC's position that it required all of its employees to sign non-disclosure agreements and Becker's contention that APC failed to secure a valid and enforceable non-disclosure agreement with him. DE 167, pp. 17-18. The Court nevertheless granted summary judgment in favor of APC because "APC's confidential information is entitled to protection under the ITSA, *regardless of whether an enforceable non-disclosure agreement exists*." DE 167, p. 17 (emphasis added); see also *Mangren Research & Dev. Corp. v. Nat'l Chem. Co., Inc.*, 87 F.3d 937, 943 (7th Cir. 1996); *Dulisse v. Park Int'l Corp.*, 1998 WL 25258, at *3 (N.D. Ill. Jan. 9, 1998). Accordingly, APC is correct that even if one of its former employees "were willing to come forward and provide testimony that somehow cast doubt on whether or not there was an enforceable non-disclosure agreement, it would not change the Court's ruling." [217, at 5.] Finally, even if additional discovery revealed that Ms. Kelly's testimony about the agreement was untruthful – rather than simply a mistaken recollection – the result in this case would not change. While the equities would not be as one-sided in Plaintiff's favor, they would not favor

Defendants in any event in view of Becker's history of serious transgressions that have been well chronicled in the prior decisions in this case.

Challenges to Tammy Kelly's veracity on this issue, raised sixteen months after discovery closed, is not the discovery of new and potentially case-altering evidence that either was not available or that diligent but unsuccessful efforts failed to uncover during and up to the time at which the summary judgment opinion was rendered. Instead, this "new information" represents the attestation of an unidentified individual regarding an issue of material fact that the Court recognized as disputed and had no bearing on the Court's disposition of either the breach of fiduciary or misappropriation of trade secrets claim. In these circumstances, in the exercise of its discretion, the Court declines to reopen discovery at this late stage of the case.

## II. Motion for Leave to File Responsive Pleading, a Motion to Dismiss, or an Amended Answer and Counterclaim

Defendants also seek to return to the pleadings stage of this almost two year-old case. Based on the Court's ruling on Defendants' motion to reconsider, many arguments advanced by Defendants in their motion for leave to file a responsive pleading, amended answer, or counterclaim are moot. See I.A. (seeking leave to file a motion to dismiss), I.B. (seeking leave to amend their answer to add a lack of capacity to sue defense). What remains for the Court's consideration is whether Defendants should be allowed to file "various counterclaims" against APC in this litigation based entirely upon "information and belief" allegations with respect to one product sold by APC to a customer.

Simply put, Defendants' motion for leave, much like its motion to reopen discovery, is untimely. District courts have discretion to deny a defendant's motion to file a counterclaim if the defendant fails to offer an explanation for not asserting the claim in the first instance or otherwise fails to explain its delay. See *Carroll v. Acme-Cleveland Corp.*, 955 F.2d 1107, 1114

(7th Cir. 1992) (affirming denial of a motion for leave to file counterclaim where defendant failed to provide any legitimate excuse for its "inexcusable" delay in moving for leave to file counterclaim); *Cipa Mfg. Corp. v. Allied Golf Corp.*, 1995 WL 337022, at *3 (N.D. Ill. June 1, 1995) (denying motion for leave to file amended answer, affirmative defenses and counterclaim, and noting that court has discretion to do so where defendant fails to offer justifiable explanation for not asserting the claim in the first instance, or fails to explain its delay).

In their motion, Defendants assert that they "recently learned" about the factual basis for their counterclaim. However, they offer no support for why they just learned of it or how they came upon the information or what prevented them from presenting the claims much earlier. Indeed, the motion indicates that information about the alleged HEPA "misrepresentation" was known and brought to APC's attention at some non-specified earlier time and that the wording of APC's catalog was changed in response – contentions that undermine any suggestion that the circumstances giving rise to the proposed counterclaim are new.

Moreover, Defendants do not assert that the proposed claims are compulsory counterclaims; rather, from the limited information provided in Defendants' motion, it appears that Defendants' proposed claims do not arise out of the same transaction or occurrence that gave rise to APC's complaint. See Fed. R. Civ. P. 13(a); *Burlington N. R.R. Co. v. Strong*, 907 F.2d 707, 710-11 (7th Cir. 1990) (noting rule that a counterclaim is compulsory rather than permissive only where (1) the claim exists at the time of pleading and (2) the claim arises out of the same transaction or occurrence as the plaintiff's claim). Thus, if Defendants are able to secure legitimate support for these new claims, there is nothing to prevent them from filing them in a separate action. At this juncture, they do not belong in this suit.[4]

---

[4] Defendants failed to attach a copy of the proposed counterclaim to their motion, which makes it impossible for the Court even to attempt to evaluate the merits of the purported claims. See, *e.g.*, *Broga*

### III. Conclusion

For the reasons stated above, the Court denies Defendants' motion to reopen discovery [208] and motion for leave to file a responsive pleading including a motion to dismiss, or in the alternative, an amended answer and counterclaim [210].

Dated: January 26, 2009  
                                         Robert M. Dow, Jr.  
                                         United States District Judge

---

*v. Northeast Utilities*, 1999 WL 33483581, at *6 (D. Conn. 1999) (denying motion for leave to amend based on party's failure to attach proposed pleading, noting that neither the court nor the opposing party can properly ascertain whether motion for leave has merit).